IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA        :

                                :

     v.                         :        Criminal No. DKC 08-0312

                                :

EGWUONWU UME                    :

**MEMORANDUM OPINION**

Egwuonwu Ume, Appellant, appeals his conviction for driving
with a suspended license in violation of Md. Code Ann., Transp. §
16-303(c) (2006).  For the following reasons, the court will affirm
the conviction.

**I.   Background**

On September 3, 2007, Appellant received a citation from the
United States Park Police for driving with an expired registration.
Appellant did not pay the citation and did not appear in court to
dispute the citation.  On February 13, 2008, a notice was sent to
Appellant informing him that his license was or would be suspended
on March 10, 2008, for failure to appear or pay the fine for his
citation.[1]  Appellant testified that, during this time, he tended to
his mail infrequently on account of his wife's severe illness.
(Paper 7, Ex. 1, Trial Tr., at 22).  Consequently, Appellant did not
check his mail until March 5, 2008.  Upon reading the notice from

---

[1]  The actual notice is not in the record, but it appears
uncontested that the notice stated that the suspension was
effective on March 10, 2008.

the court, Appellant discovered that he had missed his court date to dispute his citation for driving with an expired registration. Appellant stated that, immediately after reading the notice, he called the toll-free number for the Central Violations Bureau ("CVB"). Appellant further stated that he informed a representative of the CVB that he wanted to contest the citation and was directed to send an email to the District Court, because email was the fastest way to get a response.

Appellant subsequently received a Notice to Appear from the United States District Court informing him that the court had scheduled a new trial date of March 27, 2008, during which he could dispute his citation for driving with an expired registration.[2] (Paper 7, Ex. 2). Appellant testified that, at this point, he felt that his license had not been suspended and would not be suspended until after the new trial date. Appellant also testified that it was his conversation with the CVB representative that led him to believe that his license would not be suspended. (Paper 7, Ex. 1, Trial Tr., at 12, 23, 26). Appellant acknowledged that he never received any notice that his suspension had been lifted.

On March 14, 2008, Appellant was involved in a four-car collision. Officer Ernest Park responded to the scene. Officer

---

[2]     The record is unclear as to the exact date upon which Appellant received this Notice to Appear, but it was some time after he contacted the CVB on March 5, 2008, and before his citation for driving with a suspended license on March 14, 2008.

Park asked Appellant for his license, performed a driver's license check, and determined that Appellant's license had been suspended. (*Id.* at 6). According to a copy of Appellant's driving record from the Maryland Motor Vehicle Administration, Appellant's license was suspended on March 10, 2008. (Paper 7, Government's Ex. 1, at 4). Officer Park issued Appellant a citation for driving with a suspended license. On his rescheduled trial date of March 27, 2008, Appellant contested the citation for driving with an expired registration. The charge against Appellant for driving with an expired registration was then dismissed.

On June 16, 2008, trial was held before Magistrate Judge DiGirolamo of the United States District Court for the District of Maryland for Appellant's citation for driving with a suspended license. Judge DiGirolamo found Appellant guilty of driving with a suspended license in violation of Md. Code Ann., Transp. § 16-303 (2006), and assessed Appellant a total fine of $250, including a $10 special assessment fee and a $25 processing fee. Judge DiGirolamo found that Appellant had received actual notice of the suspension and had received no notice that the suspension had been lifted. Judge DiGirolamo found that, in light of these factual findings, it was "unreasonable" for Appellant to have concluded that his license was not suspended.

## II.  Record on Appeal

The Federal Rules of Criminal Procedure provide, in part, that "[t]he scope of the appeal [from a magistrate judge's judgment of conviction] is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed.R.Crim.P. 58(g)(2)(D). The record on appeal consists of the original papers and exhibits in the case, together with any transcript, tape, or other recording of the proceedings and a certified copy of the docket entries. Fed.R.Crim.P. 58(g)(2)(C).

In reviewing an appeal from a bench trial before a magistrate judge, the district court uses the same standard of review applied by a court of appeals reviewing a district court conviction. *United States v. Bursey*, 416 F.3d 301, 305-06 (4th Cir. 2005), *cert. denied*, 546 U.S. 1139 (2006). This court reviews factual findings for clear error and legal conclusions *de novo*. *United States v. Juvenile Male*, 554 F.3d 456, 465 (4th Cir. 2009); *United States v. Murphy*, 552 F.3d 405, 409 (4th Cir. 2009), *cert. denied*, 129 S. Ct. 2016 (2009).

Review for sufficiency of the evidence proceeds on a familiar standard: A conviction may be reversed for insufficient evidence only if, viewed in the light most favorable to the government, the evidence was so insubstantial that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable

4

doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), *reh'g denied*, 444 U.S. 890 (1979).   To determine if there is sufficient evidence to support a conviction, the reviewing court considers whether there is substantial evidence, taking the view most favorable to the Government, to support it, *United States v. Burgos*, 94 F.3d 849, 854 (4th Cir. 1996)(citing *Evans v. United States*, 504 U.S. 255, 257 (1992), *cert denied,* 519 U.S. 1151 (1997)), and does not re-weigh the evidence or re-consider the credibility of witnesses.  *Glasser v. United States*, 315 U.S. 60, 80 (1942); *United States v. Aragon*, 983 F.2d 1306, 1308 (4th Cir. 1993).

## III. Analysis

Appellant contends that Judge DiGirolamo failed to apply the proper standard in determining whether Appellant had the necessary *mens rea* to be convicted of driving with a suspended license, and that the district court should review that issue *de novo*.  Appellant asserts that, while the Maryland statute does not explicitly provide a *mens rea* for the offense, Maryland case law consistently requires the government to prove that the defendant had actual knowledge of, or was willfully blind to, the license suspension.   Appellant further argues that Judge DiGirolamo did not reach the conclusion that Appellant had actual knowledge, and instead applied a "reasonableness" standard.  Appellant argues that Judge DiGirolamo determined that Appellant had the *mens rea* necessary for the offense

merely because Appellant's belief that his license was not suspended was an "unreasonable conclusion."

The Government, Appellee, counters that the appropriate standard of review is whether Judge DiGirolamo was clearly erroneous in making his findings of fact.  Appellee argues that the testimony from both parties clearly demonstrated that Appellant received notice that his driver's license had been suspended, and that Appellant had not received notice that his license was valid prior to March 14, 2008, the date of the offense.  Appellee then cites a sufficiency of the evidence standard and asserts that it is within the discretion of the magistrate judge to determine the credibility of the parties.  Appellee further contends that Judge DiGirolamo found that Defendant knew of his suspension, and that this finding was not erroneous.

In Maryland, "knowledge" is the *mens rea* required for the offense of driving with a suspended license.  *State v. McCallum*, 321 Md. 451, 455-57 (Md. 1991); *United States v. Davis*, 261 F.Supp.2d 343, 349 (D.Md. 2003).  However, the requirement of knowledge may be satisfied with proof of either:

> "actual knowledge," meaning "an actual awareness or actual belief that a fact exists," or "'deliberate ignorance' or 'willful blindness,'" which is to say that a person "believes that it is probable that something is a fact but deliberately shuts his or her eyes or avoids making reasonable inquiry with a conscious purpose to avoid learning the truth."

*Rice v. State*, 136 Md.App. 593, 601 (2001)(quoting *McCallum*, 321 Md.
at 458 (Chasanow, J. concurring)).

Judge DiGirolamo made the following factual conclusions: in
February 2008, Appellant had received a notice of suspension; on
March 5, 2008, Appellant read said notice, realized he missed his
trial date, and called the toll-free number for the CVB on the
bottom of the notice; Appellant spoke to an individual who provided
him with information that led him to believe that if he emailed the
court prior to his suspension date of March 10, 2008, his license
would not be suspended; on March 5, 2007, Appellant emailed the
court as instructed; prior to driving on March 14, 2008, Appellant
received a new trial date from the court; prior to driving on March
14, 2007, Appellant did not receive a notice stating that his
license would not be suspended; Appellant's belief that his license
would not be suspended was unreasonable.  (Paper 7, Ex. 1, Trial
Tr., at 34-36, 41-42).

There can be no dispute that, upon reading the notice of
suspension, Appellant was put on notice - and knew - that his
license was suspended.[3]  Therefore, as of March 5, 2008, Appellant

_____

[3]  As noted above, the notice of suspension is not in the
record.  Thus, there is no direct evidence of its contents.
However, the applicable Maryland statute provides that an
individual must be given 10 days written notice before the
Administration may suspend his license.  Md. Code Ann., Transp. §
26-206 (2006). Because § 26-206 merely requires that the individual
(continued...)

had the *mens rea* required to be convicted of driving with a suspended license if he drove after the effective date of the suspension.  Despite receiving notice of the suspension, Appellant contends that, because he believed, albeit mistakenly and unreasonably, that his license was not suspended, he did not have necessary "knowledge" to be convicted of the offense.  He argues, apparently, that his subsequent genuine belief that his license was not suspended negated his earlier awareness that his license was suspended.

Appellant is essentially asking the court to expand the required *mens rea* for the offense from knowledge to wilfulness. Appellant asserts that his belief was genuine and that, unless the court found him to be lacking credibility, the court must accept

---

[3](...continued)
be warned of the impending suspension, it is likely that the notice of suspension only provided language to this extent. Md. Code Ann., Transp. § 26-206, states:

> (a) *Notice to Administration*. – If a person fails to comply with a notice to appear in U.S. District Court contained in a traffic citation issued to him under federal traffic laws or regulations for a violation occurring in Maryland, the U.S. District Court may notify the Administration of the noncompliance.

> (b) *Suspension of driving privileges*. – On receipt of a notice of noncompliance from the U.S. District Court, and after giving the person 10 days' written notice, the Administration may suspend the driving privileges of the person.

Appellant's good faith belief that his license was not suspended as negating his previous awareness of his license suspension.  However, there is no applicable good faith defense to the offense of driving with a suspended license.   Good faith defenses apply mainly to crimes with a required *mens rea* of "knowingly and willfully" such as fraud, making false statements, and tax evasion.  *See* 1 L. Sand, et al., *Modern Federal Jury Instructions-Criminal*, ¶ 8.01 (Matthew Bender); *see also United States v. Gross*, 961 F.2d 1097 (3$^{d}$ Cir. 1992), *cert. denied,* 506 U.S. 965 (1992).  No court has found that the offense of driving with a suspended license requires wilfulness, and this court refuses to engraft such a *mens rea* onto this offense.  *McCallum*, 321 Md. at 458 (Chasanow, J. concurring)(finding that the "*mens rea* that we are concerned with is 'knowledge' rather than 'intent'"); *see Rice*, 136 Md.App. at 601; *see also Davis*, 261 F.Supp.2d at 349-50; *United States v. Haynesworth*, 743 F.Supp. 388, 392 (D.Md. 1990).  Appellant has not cited to any case law in which a defendant presented a good faith defense in a case involving a traffic violation.

Appellant's subsequent genuine belief is merely a subsequent mistake of fact, which does not negate existing *mens rea*.  Assuming that a mistake of fact defense is even applicable to the crime of driving on a suspended license, it does not apply unless the mistaken belief is reasonable.  According to the Maryland Criminal

Pattern Jury Instructions, a mistake of fact defense applies when "all of the following three factors are present: (1) the defendant actually believed (alleged mistake); (2) the *defendant's belief and actions were reasonable under the circumstances*; and (3) the defendant did not intend to commit the crime of (crime) and the defendant's conduct would not have amounted to the crime of (crime) if the mistaken belief had been correct, meaning that, if the true facts were what the defendant thought them to be, the [defendant's conduct would not have been criminal]." MPJI-Cr 5:06 (1995)(emphasis added); *see also*, *General v. State*, 367 Md. 475, 483-84 (2002)(discussing recognized common law defense of ignorance or nonnegligent mistake of fact). If the trier of fact finds that Appellant's belief is not reasonable, a mistake of fact defense is ineffective.

Judge DiGirolamo found Appellant's mistaken conclusion to be unreasonable. That factual finding cannot be overturned unless it is clearly erroneous. Appellant was no stranger to the process of license suspensions, as indicated by his driving record. Even pursuant to Md. Code Ann., Transp. § 26-204 (2006), which provides two courses of action that an individual may take to prevent the suspension of his license when state violations are at issue, a driver must either post a bond AND request a new court date or pay

10

the citation to avoid immediate suspension.[4]  In contrast, § 26-206,
applicable to federal traffic offenses, does not set forth any
courses of action that one may pursue to keep one's license from
being suspended.  Instead, § 26-206 merely provides the individual
with a warning of the impending suspension.  There was sufficient
evidence for Judge DiGirolamo to determine that Appellant was
unreasonable in believing that a contact to the court clerk's office
to reschedule the court date would result in the lifting of a
suspension by the Maryland Motor Vehicle Administration.[5]

---

[4]  Md. Code Ann., Transp. § 26-204(d) states:

> . . . the Administration shall notify the
> person that the person's driving privileges
> shall be suspended *unless*, by the end of the
> 15th day after the date on which the notice is
> mailed the person:
>
> (1) Pays the fine on the original charge as
> provided for in the original citations; or
>
> (2) Posts bond or a penalty deposit and
> requests a new date for a trial or a hearing
> on sentencing and disposition.

(emphasis added).  Both § 26-204 and § 26-206 apply to traffic
citations issued within Maryland.  However, § 26-206 applies
specifically to traffic citations issued under federal law.
Therefore, in this case, where a citation was issued under federal
law by United States Park Police for a violation occurring in
Maryland, the court applies § 26-206. *United States v. Sauls*, 981
F.Supp. 909, 914 n.2 (D.Md. 1997)(applying § 26-206 to citation
issued by federal enforcement officials on Aberdeen Proving
Ground).

[5]  Indeed, the clerk's office is permitted to reschedule trial
(continued...)

## IV. Conclusion

For the foregoing reasons, the judgment appealed from will be affirmed.  A separate Order will follow.

                                               /s/
                                           DEBORAH K. CHASANOW
                                           United States District Judge

---

[5](...continued)
dates, but only judges may lift license suspensions.  The CVB Processes and Procedures Manual, United States District Court for the District of Maryland, Southern Division (Fall 2007) (clerk's office internal manual) includes the following information: "Continuances/Postponements.  All requests for continuance must be submitted in writing 5 days prior to the court hearing for consideration (via fax, email or U.S. Postal Service).  The defendant must state the reason for requesting a new court date.  CVB Clerk may grant new court date on collateral citations for the 1st request.  **Suspensions can only be lifted by the judge** or if the defendant never received notice to appear in court." (Emphasis supplied.)  The court may take judicial notice of these procedures: *see e.g. Ackermann v. United States*, 340 U.S. 193, 199 (1950)(recognizing the Court of Appeals' practice of allowing low-income litigants to file typewritten records and briefs for a minimal cost); *Columbia Gas Transmission Corp. v. Magione Enters. of Turf Valley*, 964 F.Supp. 199, 201 n.1 (D.Md. 1996)(taking judicial notice "that it is the custom and practice of the Clerk of this Court to initialize and date the lower right corner of an Order to evidence that the order has been sent to the parties of record."); *Craven v. Assoc. Transp., Inc.*, 40 F.R.D. 8, 10-11 (D.S.C. 1966)(taking judicial notice of South Carolina state courts' practice of submitting the complaint to the jury for reference in civil actions at law).